IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| DALE R. THOMAS, | ) | CASE NO. 1:18-CV-02595 |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | | |

**Introduction**

Before me[1] is an action by Dale R. Thomas under 42 U.S.C. § 405(g) seeking judicial review of the 2018 decision of the Commissioner of Social Security that denied Thomas's application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceeding.[4] Under terms of my initial orders[5] the parties have briefed their positions[6] and filed

---

[1] ECF No. 14. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF Nos. 7, 12.
[6] ECF Nos. 16 (Thomas), 19 (Commissioner), 20 (Thomas reply).

1

supplemental fact sheets.[7] In lieu of re-scheduling a telephonic oral argument,[8] the matter will be adjudicated on the existing record.

For the reasons stated below, the decision of the Commissioner will be affirmed.

**Facts**

The relevant facts are briefly stated. At the time of the hearing Thomas was 41 years old who previously worked as a private investigator.[9] The ALJ found that he had severe impairments of obesity and a cervical impairment,[10] neither of which met or medically equaled a listing.[11] The ALJ determined that Thomas had an RFC for light work with some additional limitations related to reaching, climbing, handling and fingering, as well limits as to heights, workplace hazards, dangerous machinery and operating a vehicle.[12]

In arriving at this RFC the ALJ gave no weight the April 2016 opinion of Dr. Vu Tran, M.D., a consultative examiner.[13] He also gave no weight to multiple opinions of Dr. Susan Arceneaux, M.D., Thomas's treating physician.[14] In both instances, the ALJ stated that these opinions were not consistent with the record, and as to Dr. Arceneaux's opinions,

---

[7] ECF Nos. 16 (Attachments)(Thomas), 19 (Attachment)(Commissioner).
[8] ECF Nos. 22, 23.
[9] Tr. at 20.
[10] *Id*. at 13.
[11] *Id*. at 15.
[12] *Id*. at 15-16.
[13] *Id.* at 19.
[14] *Id*.

the ALJ further noted that her opinions were not consistent with her treatment notes, nor with Thomas's own activities.[15]

The ALJ, however, did give considerable weight to functional opinions from two state agency physicians, Dr. William Bolz, M.D., and Dr. Gail Mutchler, M.D.[16] In both cases the state agency reviewers were able to consider substantially all of the record and submit findings that took into account most of the opinions from Dr. Arceneaux.[17] In addition, Dr. Mutchler's opinion post-dates the opinion of Dr. Tran.[18]

## Analysis

This matter will be analyzed under the well-known rubrics pertaining to substantial evidence, treating source/assignment of weight, credibility and analyzing obesity. The individual arguments are thus considered below.

*Assignment of weight*

Thomas here contends that the ALJ erroneously gave no weight to his treating sources and then improperly justified that decision by not giving good reasons on the record for that conclusion.

---

[15] *Id*. at 19-20.
[16] Tr. at 19.
[17] Dr. Bolz's opinion is from May 3, 2016 (tr. at 95) and Dr. Mutchler's from August 9, 2016 (tr. at 139). Dr. Arceneaux submitted some written document on six occasions - January 6, 2015 (tr. at 967), October 15, 2015 (tr. at 919), February 11, 2016 (tr. at 730), August 4, 2016 (tr. at 867), March 7, 2017 (tr. at 1048), and December 22, 2017 (tr. at 678).
[18] Dr. Tran's opinion was April 19, 2016 (tr. at 447).

Dr. Tran

As to Dr. Tran's opinion, I note first that it was the result of a single, consultative examination.[19] Further, the ALJ specifically noted that the only physical limitation noted by Dr. Tran in his examination was a reduction in the range of motion in the cervical spine.[20] In that regard, as the ALJ further noted, both state agency examiners had that same limitation in the record they reviewed.[21] But after reviewing the record with that limitation Dr. Mutchler specifically stated that she could not give full weight to the consulting examiner's functional opinion because while "[o]bjective findings [such as the limited range of motion in the cervical spine] support limitations, however, these findings do not support a limitation on hours worked."[22]

Here, the ALJ had opinions from two separate state agency reviewers who had considered the same physical limitation that Dr. Tran considered but concluded, as Dr. Mutchler put it, that "[t]he CE examiner's [*sic*] [functional] opinion is an overestimate of the severity of the individual's restrictions/limitations."[23]

It is well-established that where the state agency reviewer has considered the entire record, the ALJ may give greater weight to the functional opinion of the reviewing source

---

[19] Tr. at 19.
[20] *Id*.
[21] See, *id*. at 88 (citing Dr. Arneaux exam)(Dr. Bolz); at 117 (citing Dr. Arneaux exam) (Dr. Mutchler).
[22] *Id*. at 120.
[23] *Id.* at 123.

over that of an examining source.[24] The ALJ in this case explained the reason for his decision by citing the contradictory evidence in the record that he had reviewed in detail in a prior paragraph.[25] As such, there were good, well-articulated reasons given for the weigh given to Dr. Tran's opinion and those of the state agency reviewers.

Dr. Arceneaux

As noted above, there are six different written documents signed by Dr. Arceneaux between January 2015 and December 2017.

Of these, two letters – February 11, 2016[26] and December 22, 2017[27] - are extremely brief, identical two-paragraph statements simply noting Thomas's diagnoses, indicating that he has been clinically followed since 2008 and giving the conclusory opinion that because Thomas "has the above diagnoses … [h]e is permanently disabled from returning to gainful employment as the result of his work injuries."[28] As the ALJ noted, such a conclusion as to employability is reserved to the Commissioner.[29]

The remaining four documents by Dr. Arceneaux – January 2015,[30] October 2015,[31] August 2016[32] and March 2017[33]- combine diagnoses, clinical findings, observations from

---

[24] *Miller v. Commissioner*, 811 F.3d 825, 834 (6th Cir. 2016).
[25] Tr. at 19.
[26] *Id*. at 730.
[27] *Id*. at 678.
[28] *Id*. at 678, 730.
[29] *Id*. at 19.
[30] *Id*. at 967.
[31] *Id*. at 919.
[32] *Id*. at 867.
[33] *Id*. at 1048.

5

interaction with Thomas and, in a single check-box line, provides Arceneaux with the opportunity to opine as to "functional level," with the available options being full, moderate, sedentary and light sedentary.[34] Arceneaux checked the box for sedentary all four times, but also checked a second box for moderate in January 2015.[35] I further note that in these reports Dr. Arceneaux also noted that despite the diagnosed impairments Thomas "continues to do fairly well,"[36] continues to do karate,[37] is improving his handling of a stick shift car[38] and, in the March 2017 report, had no changes in muscle bulk or strength.[39]

In assigning no weight to Dr. Arceneaux's functional opinion of only sedentary activity the ALJ expressly noted that such a finding was inconsistent with the above findings of "preserved strength and neurological function of the upper extremities" and with Thomas's activities such as interstate travel and karate.[40] He also made a point of stating that Dr. Arceneaux's functional conclusions were not consistent with the functional opinions of Drs. Bolz and Mutchler.[41]

It is important to re-emphasize, as the ALJ stated, that the two state agency reviewers "had the opportunity to review the evidence of record, to which each cited

---

[34] *Id*. at 869, 921, 969 and 1050.
[35] *Id*. at 969.
[36] *Id*. at 968 (January 2015),
[37] *Id*. at 867 (August 2016), 1048 (March 2017).
[38] *Id*. at 1048, 1050 (March 2017).
[39] *Id*. at 1050 (March 2017).
[40] *Id*. at 19.
[41] *Id*. at 20.

liberally in support of their conclusions."[42] Indeed, as the ALJ noted, these state agency reviewers acknowledged that Thomas has degenerative disc disease of the cervical spine, but also noted that this was without compressive pathology at any vertebral level.[43] Further, the state agency reviewers acknowledged the clinical findings that Thomas has deficits in range of motion and minimal atrophy in his right shoulder, but also acknowledge that the record shows he has preserved strength, neurological function and coordination,[44] as Dr. Arceneaux's notes, cited above, also demonstrate. The ALJ further stated that the RFC took into account the "regular reports" of radiating pain and included additional postural and manipulative limitations.[45]

Finally, the ALJ observed that no treating or examining source provided an "opinion relevant to the formulation of the residual functional capacity."[46] In particular, Dr. Arceneaux's documents, as noted above, were either perfunctory and conclusory or were a compendium of diagnoses, symptoms and observations that were not specifically addressed to the elements of an RFC.

In short, when all the medical sources were reviewing the same clinical and diagnostic facts, the ALJ, who was also considering the evidence of Thomas's wide breadth of personal activities,[47] articulated good reasons, on the record and well-capable of review,

---

[42] *Id*. at 19.
[43] *Id*.
[44] *Id*.
[45] *Id*.
[46] *Id*. at 20.
[47] Daily activities can constitute substantial evidence that a claimant is not disabled. *Tyra v. Secy of HHS*, 896 F.2d 1024, 1030 (6th Cir. 1990).

for first diminishing the weight given to the opinion of the treating source and then for giving greater weight to the reviewing sources.[48]

*Credibility*

In evaluating subjective claims of debilitating pain, the regulations call for a two-step analysis. First, the ALJ is to determine if any identified impairment could reasonably be expected to produce the pain or symptom being alleged.[49] Next, the ALJ must evaluate the intensity or persistence of the pain or symptom to ascertain how it effects the claimant's capacity for work.[50] This second step entails consideration of the entire record.[51] In particular, an ALJ may consider daily activities in evaluating complaints of debilitating pain.[52] The ALJ's finding as to credibility are entitled to deference on review because the ALJ has had the opportunity to observe the claimant and assess the subjective complaints.[53]

Here, the ALJ noted that the clinical findings consistently showed that despite some loss of motion Thomas substantially retrained muscle strength, normal neurological function and coordination. Yet, the record also showed, as noted above, that Thomas participated in a wide range of activities. Thus, while the ALJ concluded that Thomas did

---

[48] *Dyer v. Social Security Admn.*, 568 F. App'x 422, 426-28 (6th Cir. 2014).
[49] 20 C.F.R. § 404.1529(a).
[50] 20 C.F.R. § 404.1529 (c).
[51] SSR 16-3p.
[52] *Hunter v. Comm'r of Social Security*, 2017 WL 8219090, at *14 (N.D. Ohio Dec. 22, 2017)(citing cases).
[53] *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

8

have significant physical limitations due to pain – limitations addressed by specific portions of the RFC - those limitations were not totally disabling.

As such, that finding is supported by substantial evidence of Thomas's own activities and is entitled here to deference.

*Obesity*

Thomas contends that the ALJ did not adequately consider his obesity, principally because he did not specifically mention his exact weight – over 270 pounds - in the opinion and because he did not explicitly address how obesity interacted with his "musculoskeletal problems," which appears to be a reference to his degenerative disc disease and the reduced range of motion in the cervical spine.[54] To that end, Thomas argues that the ALJ improperly "played doctor" by not having a physician opinion on how his obesity may have on his recognized impairments.[55]

The Commissioner, however, notes that the ALJ did specifically identify obesity as a severe impairment[56] and further noted the absence of any medical evidence that the obesity itself has any identifiable effect on Thomas.[57]

To that point I note that Dr. Arceneaux – Thomas's treating doctor for a number of years - does not list obesity as a diagnoses in any of her written documents and further

---

[54] ECF No. 16 at 21.
[55] *Id*.
[56] *Id*. at 13.
[57] *Id*. at 16.

does not recommend or prescribe weight loss in any treatment notes where that option is provided - August 2016,[58] October 2015,[59] January 2015[60] and March 2017.[61] That omission is noticeable in that Dr. Arceneaux makes a point in these same documents to show that she recommended that Thomas give up cigar smoking and follow a home exercise routine.[62]

Given how Dr. Arceneaux essentially made no reference to obesity in either her diagnoses or treatment recommendations, it is difficult to see how this ALJ erred by not asking for a new medical opinion as to how, if it all, obesity specifically contributed to Thomas's identified limitations.

I also note in this regard that while Dr. Arceneaux did not include obesity as a diagnosis in her reports, as a specific element of treatment or as a factor in her functional opinion, Dr. Mutchler, the second state reviewing physician, does explicitly cite "morbid obesity – ht. 72" wgt. 209# BMI 38" as a specific evidentiary factor that was incorporated into her functional opinion.[63] Although this point is not directly made by the ALJ, this specific mention of obesity by Dr. Mutchler in her analytic formula does further support the finding that the functional opinion of the state agency reviewing physicians was entitled to greater weight than that of Dr. Arceneaux.

---

[58] *Id.* at 867.
[59] *Id.* at 921.
[60] *Id.* at 969.
[61] *Id.* at 1050.
[62] *Id.* at 1050 (both), 969 (exercise plan only), 921 (exercise plan only), 869 (both).
[63] *Id.* at 121.

In sum, I find no error in how the ALJ addressed the issue of Thomas's obesity.

## Conclusion

For the reasons stated above, the decision of the Commissioner of Social Security that denied the application of Dale R. Thomas for DIB and SSI is here affirmed as supported by substantial evidence.

IT IS SO ORDERED.

Dated: January 21, 2020 s/William H. Baughman Jr.
United States Magistrate Judge